UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-20254-CIV-WILLIAMS

DAYMARIS RODRIGUEZ, on behalf of herself
and others similarly situated,

    Plaintiff,

v.

GREATER MIAMI CATERERS, INC.,
a Florida Corporation, and JACQUELINE BUTLER,
individually,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT
## AND FOR DISMISSAL WITH PREJUDICE

Plaintiff, DAYMARIS RODRIGUEZ, and Defendants, GREATER MIAMI CATERERS, INC. and JACQUELINE BUTLER, by and through their undersigned counsel hereby jointly request that this Court approve their settlement and dismiss this matter with prejudice conditioned upon the Court retaining jurisdiction to enforce the terms of the Parties' Settlement Agreement,[1] and in support state as follows:

On January 17, 2019, Plaintiff filed her Complaint alleging an overtime violation under the Fair Labor Standards Act ("FLSA"). (D.E. 1).  More specifically, as set forth in the Complaint, Plaintiff alleged that throughout Plaintiff's employment with Defendants during the three (3) year statute of limitations period between approximately January 2016 and January 2019, Plaintiff regularly worked between Sixty-Five (65) and Seventy-Two (72) hours per week but Defendants

---

[1] *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012).

1

failed to pay time and one-half wages for Plaintiff's overtime hours worked each week, with Defendants instead paying Plaintiff varying per delivery amounts (i.e., $7.00 to $9.80 per school delivery each day and for retirement homes, $1.22 per delivery on a Kendall route and $2.75 per delivery in Kendall/Homestead). In this regard, while Plaintiff claimed that she regularly worked six (6) days, with start times on weekdays as early as approximately 5:00 a.m. and stop times of between approximately 5:00-6:00 p.m., and on Saturdays with start times of approximately 8:00 a.m. and stop times of approximately 3:00 p.m., Defendants denied that Plaintiff even worked Forty (40) hours per week because she only did deliveries four (4) days per week which had to be completed pursuant to obligations under Defendants' customer contracts by the early afternoon each week day. Further, while Plaintiff alleged she was paid on a piece rate basis with gross weekly wages of between approximately $800.00 to $1,100.00 per week and could therefore be owed as much as $26,798.51 in overtime compensation for Twenty-Seven (27) overtime hours per week during One Hundred and Forty (140) work weeks [$7.09/hour x 27 Unpaid OT hours/week x 140 weeks = $26,798.51], Defendants have maintained that as was reflected in discovery, Plaintiff's actual average weekly wages were less than $750.00 per week and thus could not support the level of hours claimed by Plaintiff.

Notwithstanding Defendants' belief that they did not violate the FLSA in any manner, after conducting discovery, the Parties have been able to reach a settlement to resolve Plaintiff's claims, and the terms of the Parties' settlement have been incorporated into the Settlement Agreement executed by both of the Parties attached to the instant Motion.

Pursuant to *Lynn's Food Stores, Inc. v. U.S*, 679 F.2d 1350 (11th Cir. 1982), claims arising under the FLSA may be settled only with the approval of the Court or Secretary of Labor. The Parties stipulate that the negotiated settlement reached between the Parties represents a "fair"

resolution of Plaintiffs' FLSA claims as well as Plaintiffs' reasonable attorneys' fees and costs. The Parties also stipulate that the settlement reached between them advances judicial economy.

The Parties disputed several issues in this case, including the number of hours that Plaintiff worked, the number of work weeks at issue, whether Plaintiff was not properly paid for any overtime hours worked, whether a two (2) year or three (3) year statute of limitations period was applicable, and whether liquidated damages could be recovered by Plaintiff as a matter of law. Significantly, absent the parties' compromise settlement, Plaintiff potentially may not have recovered anything or less than what she claimed in her Complaint or is now obtaining from Defendants under the Settlement Agreement. Similarly, Defendants could have been indebted to the Plaintiff for a Judgment, in part or in whole, and potentially including, liquidated damages and attorneys' fees. Consequently, the parties recognize the inherent uncertainty in proceeding with this action, the investiture of additional time to continue to litigate this case, the preoccupation of litigation, and an additional expenditure of fees and costs that will accrue, and the Parties have agreed to a settlement amount.

The Parties further stipulate to the dismissal, with prejudice, of this action of all claims asserted conditioned upon the Court retaining jurisdiction to enforce the terms of the parties' Settlement Agreement, upon approval by the Court as requested above with each party to bear its own attorneys' fees and costs except as provided for in the Parties' Agreement. The Parties request this Court retain jurisdiction to enforce that the Settlement Agreement entered into by and between the Parties. (*See* Settlement Agreement attached hereto as Exhibit A).

## MEMORANDUM OF LAW

    A.    **Standard of Review.**

To determine whether a settlement in an FLSA case is the fair and reasonable compromise of a *bona fide* dispute, Courts should consider: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiff's success on the merits: (5) the range of possible recovery; and (6) the opinions of counsel. *Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* 2007 U.S. Dist. LEXIS 10287 at *4 (M.D. Fla. 2007).

    B.    **There Is a Bona Fide Dispute as to Plaintiffs' FLSA Claims and all Relevant Criteria Support Approval of the Settlement.**

Courts have found no fraud or collusion, i.e., a bona fide dispute, where both parties were represented by counsel and the amount to be paid to the plaintiff appeared fair. *Helms v. Central Fla. Reg. Hosp.,* No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at 11-12 (M.D. Fla. 2006).

Here, each Party was independently represented by legal counsel with experience in litigating claims under the FLSA. Counsel for the parties were obligated to, and did, vigorously represent their respective clients' rights. Importantly, Plaintiff and Defendants propounded written discovery including Interrogatories, Requests for Production of Documents, and Requests for Admissions, and hundreds of pages of compensation and employment records were exchanged in order for each side to assess the respective strengths and weaknesses of their claims and defenses. Similarly, the Parties' engaged in extensive settlement negotiations before ultimately reaching the resolution memorialized in the Parties' Settlement Agreement. To this end, under the terms of the Parties' Settlement, Defendants have agreed to pay Plaintiff $21,000.00 to resolve her underlying

claims in this case, which sum not only represents approximately 80% of Plaintiff's initial estimate of her own unsupported calculations of alleged unpaid overtime wages that itself was based upon 27 overtime hours per week during 140 of 150 weeks in a three (3) year statute of limitations period but which sum is also *more* than Plaintiff could have even recovered under the FLSA's 2-year limitations period, 29 U.S.C. §255, which would have been approximately $17,000.00. With the trial period in this case not set to occur until January 2020, dispositive pre-trial motions Defendants would have filed before the case could ever have proceed to trial, if at all, and the risks inherent in the instant litigation, it is clear there is no fraud or collusion based on the representation of the parties and the amounts to be paid to Plaintiff.

It is also clear that this case involved a *bona-fide* dispute: Plaintiff maintains she worked substantial numbers of hours over 40 hours per week whereas Defendant denied all such allegations and maintained Plaintiff was paid for all hours worked because she only worked, at most, between approximately 35-38 hours per week. *See Dees v. Hydradry, Inc.,* 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

All other factors weigh in favor of approving this settlement. If the Parties continued to litigate this matter, they would be forced to engage in protracted litigation, at a cost many times that of the amount claimed by Plaintiff, with an outcome that remained uncertain for both parties. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

Furthermore, the Parties exchanged information and records regarding their claims and defenses before reaching any agreement. The exchange of considerable facts, evidence, and legal theories regarding the claims and defenses of the Parties allowed each party to reach a settlement

only after conducting an adequate investigation of the disputed claims and engaging in an educated and informed analysis of the issues.

Lastly, the probability of success on the merits and the range of possible recovery also support approval of the settlement. The Parties disagreed regarding the overtime hours claimed by Plaintiff. The Parties discussed conflicting documentary evidence and numerous legal arguments and authorities on the issue. Plaintiff and Defendants continue to disagree over the merits of the claim asserted by Plaintiff, and both offered facts and evidence and arguments to support their respective positions. Lastly, the Parties disagreed on Plaintiff's entitlement to liquidated damages.

As such, Plaintiff's probability of success on the merits and the range of possible recovery are uncertain, further suggesting that this settlement is fair, reasonable, and appropriate.

    **C.**    **The Attorneys' Fees to be Paid as Part of the Settlement are Fair and Reasonable.**

The settlement should also be approved because the Parties agreed upon Plaintiff's attorneys' fees and costs separately and without regard to the amount paid to the Plaintiff as wages under the Parties' settlement agreement. *Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). ("[I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.").

6

Plaintiff's attorney's fees and costs were agreed upon separately and without regard to the amounts Plaintiff is receiving for her underlying FLSA claims under the terms of the Settlement Agreement. In this regard, Plaintiff did not agree upon a settlement amount, then deduct her counsel's attorneys' fees and costs, or otherwise affect Plaintiff's recovery based on the amount of fees and costs recovered. Rather, Plaintiff' and Defendants first reached a meeting of the minds regarding the amount to resolve Plaintiff's FLSA claims and then separately negotiated Plaintiff's claim for attorneys' fees and costs. Further, with Defendants having agreed to pay $13,400.00 for attorneys' fees, along with costs of $600.00, and Plaintiff Counsel's overall attorneys' fee time since December 2018 totaling more than $15,440.00 from 38.60 hours of Keith M. Stern, Esquire at the rate of $400.00/hour, the compromise for attorneys' fees under the parties' Settlement Agreement is being accepted in resolution of all of Plaintiff's attorneys' fees thereby ensuring that Plaintiff has no out-of-pocket responsibility for any attorneys' fees or costs, which resolution is also fair and reasonable consistent with *Lynn's Food Stores*. Finally, because the settlement is reasonable, the Parties respectfully submit that Plaintiffs' attorney's fees and costs should be approved without separate analysis regarding the reasonableness of the fee to be paid to plaintiff's attorney. *Bonetti*, 715 F.Supp.2d at 1228.

**WHEREFORE**, the Parties respectfully request that Honorable Court: (1) grant their Joint Motion for Approval of the FLSA Settlement, and (2) enter a final order of dismissal with prejudice with the Court retaining jurisdiction to enforce the terms of the parties' settlement agreement, and without taxing attorneys' fees or costs.

Respectfully submitted this 23rd day of May, 2019

| | |
|---|---|
| /s/Keith M. Stern | /s/Elizabeth M. Rodriguez |
| Keith M. Stern, Esq. | Elizabeth M. Rodriguez, Esq. |
| Law Office of Keith M. Stern, P.A. | Florida Bar No. 821690 |
| 80 S.W. 8th Street, Suite 2000 | Ford & Harrison, LLP |
| Miami, FL 33131 | One S.E. 3rd Avenue, Suite 2130 |
| Telephone: 305-901-1379 | Miami, FL 33131 |
| Fax: 561-288-9031 | Tel: (305) 808-2143 |
| Email: employlaw@keithstern.com | Fax: (305) 808-2101 |
| Attorneys for Plaintiff | Email: erodriguez@fordharrison.com |
| | Attorney for Defendants |

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via electronic mail this 23rd day of May 2019 on the following:

Elizabeth M. Rodriguez, Esq.
Email: erodriguez@fordharrison.com
Ford & Harrison, LLP
One S.E. 3rd Avenue, Suite 2130
Miami, FL 33131
Tel: (305) 808-2143
Attorney for Defendants